**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SAUL EMILIO SOSA-MARTIN,<br><br>Petitioner,<br><br>v.<br><br>FIELD OFFICE DIRECTOR, et al.,<br><br>Respondents. | Civil Action No. 26-6237 (MAS)<br><br>**ORDER** |

This matter comes before the Court on Petitioner's habeas petition challenging his ongoing immigration detention (ECF No. 1), Petitioner's application to proceed *in forma pauperis* (ECF No. 6), and Petitioner's motions seeking a temporary restraining order (ECF No. 2) and a stay of his removal. (ECF No. 3.) The Court having reviewed Petitioner's application to proceed *in forma pauperis*, and good cause having been shown, Petitioner's application is granted. As Petitioner has shall be granted *in forma pauperis* status, and as this Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), and determined that the dismissal of the petition prior to the filing of an answer is not warranted in this matter, the Government shall be directed to file an answer to the petition and motion seeking a temporary restraining order.

In his final motion Petitioner asks this Court to order the immigration courts to reopen his final removal order and to stay his removal. (ECF No. 3.) This Court, however, is without jurisdiction to review or reopen a final removal order, *see* 8 U.S.C. § 1252(a)(5) (petition for review with the court of appeals is the "sole and exclusive means for judicial review of an order of removal"), and this Court has no jurisdiction to stay a final order of removal. 8 U.S.C. § 1252(g). Petitioner's motion seeking a stay of removal and the reopening of his removal order must

therefore be denied for lack of jurisdiction. To the extent he seeks judicial review of that order, he may only obtain such review through timely and properly filed petition for review with the appropriate court of appeals.

**IT IS THEREFORE** on this 1st day of June, 2026, **ORDERED** that:

1. Petitioner's application to proceed *in forma pauperis* (ECF No. 6) is **GRANTED**;

2. Respondent the Field Office Director of U.S. Immigrations and Customs Enforcement is dismissed without prejudice from this matter as the proper respondent in a petition brought under 28 U.S.C. § 2241 is the warden of the facility where the detainee is currently being held, in this case remaining Respondent the Warden of the Elizabeth Contract Detention Facility, *see Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004); *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994);

3. The Clerk of the Court shall serve copies of the Petition (ECF No. 1), and this Order, upon Respondent the Warden of the Elizabeth Contract Detention Facility by regular mail, with all costs of service advanced by the United States;

4. The Clerk of the Court shall forward a copy of the Petition, and this Order, to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov;

5. Within 21 days after the date of entry of this Order, Respondent shall electronically file a full and complete answer to Petitioner's habeas petition, which responds to the factual and legal allegations of the Petition paragraph by paragraph;

6. The answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243;

7. Respondent shall raise by way of the answer any appropriate defenses which Respondent wishes to have the Court consider, including, but not limited to, exhaustion

2

of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority;

8. Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims;

9. All exhibits to the Answer must be identified by a descriptive name in the electronic filing entry;

10. Petitioner may file and serve a reply in support of the Petition within 14 days after the answer is filed;

11. Within 7 days after any change in Petitioner's custody or immigration status, be it release, a final order of removal, or otherwise, Respondent shall electronically file a written notice of the same with the Clerk of the Court;

12. The Government shall not transfer Petitioner out of New Jersey pending a final decision in this matter, this Court's Order staying Petitioner's transfer, however, does not bar the Government from removing him pursuant to his administratively final removal order;

13. Petitioner's motion seeking to reopen his removal order and a stay of removal (ECF No. 3) is **DENIED** for lack of jurisdiction; and

14. The Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

3